DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Reginald Lewis, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On June 11, 2005, Akron police officers were called to the home of Doris Ellis. Ellis indicated to officers that appellant, her ex-boyfriend, had forced his way into her home through an open window, threatened to kill her while holding a crow bar, chased her out of the house, and punched her causing her to fall to the ground.
 {¶ 3} Subsequent to the above incident, appellant began phoning Ellis on a regular basis. Ellis indicated that appellant phoned her nearly every night from June 11, 2005 through August 26, 2005. Ellis informed police that appellant called repeatedly in the middle of the night, first threatening to kill her and then calling back to say that he loved her. On August 26, 2005, Ellis called the police and officers arrived at her home a short time later. While present at the home, officers listened to threatening messages that appellant had left for Ellis and listened to a phone call that Ellis received while they were present in which appellant threatened to cause bodily harm to Ellis.
 {¶ 4} As a result of his actions, appellant was charged and indicted on multiple counts. Following a jury trial, appellant was convicted of menacing by stalking in violation of R.C.2903.211(A), a fourth degree felony, and domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. Following his conviction, the trial court sentenced appellant concurrently to twenty days in jail for his domestic violence conviction and to seventeen months incarceration for his menacing by stalking conviction. Appellant timely appealed his convictions, raising four assignments of error. As appellant's first three assignments of error are interrelated, this Court has consolidated them for review.
 II ASSIGNMENT OF ERROR I
"REGINALD LEWIS' CONVICTIONS FOR MENACING BY STALKING AND DOMESTIC VIOLENCE WERE AGAINST THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEEN (sic) AMENDEMNTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR II
"REGINALD LEWIS' CONVICTIONS FOR MENACING BY STALKING AND DOMESTIC VIOLENCE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED TO REGINALD LEWIS' PREJUDICE BY DENYING MR. LEWIS' CRIMINAL RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND AGAIN AT THE CONCLUSION OF ALL THE EVIDENCE WHERE THE STATE OF THE EVIDENCE WAS SUCH WHERE REASONABLE MINDS COULD NOT FAIL TO FIND REASONABLE DOUBT AND MR. LEWIS' CONVICTIONS WERE NOT SUPPORTED BY THE TESTIMONY AND EVIDENCE PRESENTED."
 {¶ 5} In his first, second, and third assignments of error, appellant asserts that the State produced insufficient evidence to justify his convictions. In addition, appellant asserts that his convictions were against the manifest weight of the evidence. This Court finds that both of appellant's assertions lack merit.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also,Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 7} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 8} Initially, this Court notes that appellant has raised no specific argument regarding his domestic violence conviction. Furthermore, as appellant, by not seeking a stay, voluntarily served his sentence for the misdemeanor conviction, any such argument would be moot. Where a defendant has completed his sentence — i.e. paid the fine or completed the sentence, "`an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' State v. Berndt (1987),29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, at syllabus. Accordingly, this Court does not address appellant's domestic violence conviction.
 {¶ 9} Appellant was also convicted of menacing by stalking pursuant to R.C. 2903.211(A)(1) which provides as follows:
"No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
"Pattern of conduct," as used in R.C. 2903.211, is defined as "two or more actions or incidents closely related in time [.]" R.C. 2903.211(D)(1). A "pattern of conduct" includes the making of repeated threatening phone calls. State v. Shue, 8th Dist. No. 84007, 2004-Ohio-5021, at ¶ 19. See, e.g., State v.Barnhardt, 9th Dist. No. 05CA008706, 2006-Ohio-4531 (discussing the numerous phone calls made by the defendant which contributed to his menacing by stalking conviction).
 {¶ 10} In the instant appeal, appellant argues that Ellis was an unreliable witness and that the State failed to prove that he caused Ellis mental distress. Accordingly, appellant concludes that his convictions must be reversed. This Court disagrees.
 {¶ 11} During her testimony, Ellis testified that from June 11, 2005 through August 26, 2005, appellant called her home nearly every night in the middle of the night. Ellis continued, noting that appellant would call her at 2 a.m. or later, threatening to kill her. Appellant would then call back, asserting that he loved Ellis. Ellis testified that she called the police as a result of these calls because she was worried that she would not be able to make it to work because of the lack of sleep resulting from the calls.
 {¶ 12} Officer Robert Jackson of the Akron Police Department testified that he proceeded to Ellis' home on August 26, 2005 after Ellis called 911. Officer Jackson testified that while present at Ellis' home, Ellis played numerous messages left by appellant in which appellant threatened to harm her. Furthermore, while Officer Jackson was present at the home, appellant made approximately five to eight calls to Ellis. Officer Jackson listened to these calls and testified that appellant threatened to harm Ellis during the calls. Officer Jackson continued his testimony, noting that Ellis was upset as a result of the calls. Officer Jackson concluded by noting that he investigated the origin of the calls and verified that they had originated from appellant's cell phone.
 {¶ 13} Additionally, the State introduced phone calls to Ellis which appellant made from jail. During one call, appellant urged Ellis not to go forward with the criminal charges against him. Following the admission of its exhibits, the State rested. In turn, appellant rested, presenting no evidence in his defense.
 {¶ 14} Accordingly, the jury was left with Ellis' testimony which was corroborated by Officer Jackson. Ellis was so distressed by appellant's repeated threatening calls that she called 911 to report his conduct. Officer Jackson listened to numerous recorded messages in which appellant threatened Ellis. Further, Jackson heard appellant threaten Ellis during a live phone conversation and witnessed Ellis become distressed as a result of that phone call. As such, the sole evidence presented before the trial court indicated that appellant engaged in a pattern of conduct that a reasonable person would know would cause Ellis mental distress. Appellant's conviction for menacing by stalking, therefore, was not against the manifest weight of the evidence. Having disposed of appellant's challenge to the weight of the evidence, this Court similarly disposes of his challenge to the sufficiency of the evidence. See, Roberts,
supra. Appellant's first, second, and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING A SEVENTEEN OUT OF A POSSIBLE EIGHTEEN MONTH MAXIMUM PRISON SENTENCE."
 {¶ 15} In his final assignment of error, appellant argues that the trial court erred when it imposed sentence. Specifically, appellant alleges that his sentence is too severe. This Court disagrees.
 {¶ 16} State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856
altered this Court's standard of review for sentencing appeals. The Foster Court "concluded that trial courts have full discretion to impose a prison sentence within the statutory range" and "vest[ed] sentencing judges with full discretion" in sentencing. Foster at ¶ 100. Accordingly, post Foster, an appellate court reviews felony sentencing for an abuse of discretion. State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 11-12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 17} Initially, this Court notes that a presentence investigation was completed in the trial court. As such, there is a presumption that the trial court utilized it in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, citing State v. Koons (1984), 14 Ohio App.3d 289, 291. As appellant failed to include the presentence report in the record, this Court cannot properly review the trial court's decision. We, therefore, have no choice but to presume the validity of the trial court's factual findings in support of appellant's sentence. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773.
 {¶ 18} R.C. 2929.13(B)(1) provides factors which a trial must consider prior to imposing sentence. The trial court, however, is not required to make an explicit finding of one of the nine factors listed in R.C. 2929.13(B)(1) before imposing a prison sentence. State v. Brown (2001), 146 Ohio App.3d 654, 658.
 {¶ 19} Appellant was found guilty of menacing by stalking due to repeated threatening phone calls he made to Ellis. As appellant's conviction was a fourth degree felony, the trial court was permitted to sentence him from six months to eighteen months in prison. R.C. 2929.14(A)(4). The following facts support the trial court's sentence of seventeen months. It is undisputed that appellant was previously convicted of an offense, felonious assault, which caused harm to another. R.C. 2929.13(B)(1)(c), therefore, applies. Furthermore, it is undisputed that appellant previously served a prison term, making R.C. 2929.13(B)(1)(g) applicable. In addition, Ellis testified that appellant's threatening phone calls were a nightly occurrence for more than two months, disrupting her sleep on a constant basis. Appellant went as far as to call Ellis from jail in an attempt to dissuade her from pursuing his prosecution. Given the above facts, this Court cannot say that the trial court acted unreasonably in exercising its discretion and sentencing appellant to within the statute range. Appellant's fourth assignment of error is overruled.
 III {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. concur