DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant/Appellant, Gregory Barnes, appeals the decision of the Lorain County Court of Common Pleas to classify him as a habitual sexual offender and to order him to pay the costs of his appointed counsel's fees.
 {¶ 2} Defendant was indicted on one count of rape for engaging in sexual conduct with a 12-year-old female when he was 19. The trial court found that Defendant was indigent and appointed him counsel. On June 12, 2006, Defendant pled guilty to the amended charge of unlawful sexual conduct with a minor, a violation of R.C. 2907.04 and a fourth degree felony. The trial court ordered a pre-sentence investigation. On August 30, 2006, Defendant appeared for *Page 2 
sentencing. Defense counsel and the prosecutor requested that the judge find Defendant to be a sexual oriented offender. However, the court found that he was a habitual sex offender and imposed sentence and the requisite reporting guidelines. As part of Defendant's sentence, the trial court ordered him to repay the cost of his appointed counsel. Defendant appeals these decisions, raising two assignments of error.
 FIRST ASSIGNMENT OF ERROR "The trial court erred as a matter of law by declaring that Ohio Revised Code § 2950.01
mandated the classification of [Defendant] as a habitual sexual offender due to a prior juvenile conviction."
 {¶ 3} Defendant contends that the trial court erred in classifying him as a habitual sex offender by improperly applying the relevant statute. We determine that Defendant has not provided this court with a record that is sufficient to allow us to review this issue, and affirm the decision of the trial court.
 {¶ 4} The trial judge ordered that a presentence investigation report be prepared prior to Defendant's sentencing. The transcript of the sentencing hearing demonstrates that the judge did read and rely upon the presentence investigation report in reaching his conclusions, and that the report included the Defendant's juvenile record. However, Defendant has not provided this court with a copy of the presentence investigation report.
 {¶ 5} Pursuant to App.R. 9(B) and Loc.R. 5(A), it is the duty of the appellant to ensure that the record necessary to determine the appeal is filed with *Page 3 
the appellate court. State v. Williams (1995), 73 Ohio St.3d 153,160-61; State v. McLeod (Mar. 13, 2002), 9th Dist. No. 20757, at *2. The presentence report is among the parts of the record that must be included when the appeal is filed. See State v. Lewis, 9th Dist. No. 23116, 2006-Ohio-5422, at ¶ 17. If the record is incomplete, the appellate court must presume the regularity of the trial court's actions and the sufficiency of the evidence supporting the court's findings.McLeod at *2; Lewis, at ¶ 17.
 {¶ 6} We must presume that the juvenile record before the trial court in the presentence investigation report supports the court's finding that Defendant should be labeled a habitual sex offender. The court clearly indicated that the juvenile adjudication was for rape, which is a sexually oriented offense. We must then presume that the adjudication was accompanied by Defendant's classification as a juvenile offender, which is sufficient to satisfy the requirements of R.C.2950.01(B)(2)(a). Defendant's first assignment of error is overruled, and the judgment of the trial court is affirmed.
 SECOND ASSIGNMENT OF ERROR "The trial court acted contrary to law by ordering Defendant to pay the costs of court appointed counsel without determining whether or not Defendant could be reasonably expected to have the necessary financial means."
 {¶ 7} Defendant contends that the trial court erred in ordering him to pay his court-appointed counsel costs as part of his sentence. He argues that the court *Page 4 
did not make findings on the record that Defendant was financially capable of repaying those costs.
 {¶ 8} A trial court may, as a condition of probation, order a criminal defendant to repay the costs of his appointed counsel. State v.Trembly (Mar. 27, 2000), 137 Ohio App.3d 134, 144, citing State v.McLean (1993), 87 Ohio App.3d 392, 395. While such an order would be reviewed for an abuse of discretion, we do not reach the merits of Defendant's claim, as he failed to object to the court's decision during the sentencing hearing. Failure to object to a sentence or probationary determination by the trial court results in a forfeiture of the issue on appeal. See In re L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 17
(forfeiture is the failure to assert a right or make an objection before the trial court in a timely fashion; waiver is defendant's affirmative relinquishing of right or objection at trial). See, also, State v.Childs (1968), 14 Ohio St.2d 56, 62 (defendant's rights are lost by failure to assert them at the proper time). The record in this case establishes that the trial court discussed the fact that Defendant had a job. At no time did Defendant disagree with the court, nor did he provide any evidence that the court was incorrect about his job. Moreover, he failed to object when the trial court imposed the requirement that he repay his appointed counsel's fees. Defendant has forfeited his right to assert that the trial court was incorrect or improperly imposed such a requirement. His second assignment of error is overruled. *Page 5 
 {¶ 9} Defendant's first assignment of error is unsupported by the record he has supplied, and the decision of the trial court is therefore affirmed. Defendant's second assignment of error is forfeited, and the decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 6 
WHITMORE, J., CONCURS