DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Patricia Clevenger, appeals the sentence imposed upon her by the Lorain County Court of Common Pleas following her convictions for domestic violence and felonious assault. We affirm.
 {¶ 2} On February 26, 2007, Defendant pled guilty to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree as provided by R.C. 2919.25(D)(3), and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Defendant appeared for sentencing on June 29, 2007. After reviewing the results of Defendant's presentence investigation, including a written statement by the victim, the trial *Page 2 
court sentenced Defendant to a prison term of one year for the domestic violence conviction and two years for the felonious assault conviction. This appeal followed.
 ASSIGNMENT OF ERROR I "The trial court abused its discretion by acting arbitrarily, unreasonably and unconscionably to the detriment of [Defendant] by giving weight to a complainant's statement at sentencing when the court knew the complainant was unreliable and had motive to lie."
 ASSIGNMENT OF ERROR II "The trial court abused its discretion by acting arbitrarily, unreasonably and unconscionably to the detriment of [Defendant] by considering a known inconsistent statement for sentencing and not allowing for confrontation."
 {¶ 3} In her first and second assignments of error, which are consolidated for ease of disposition, Defendant argues that the trial court abused its discretion in sentencing her to prison terms for each offense. Specifically, Defendant maintains that the trial court erred by relying on the victim impact statement contained in the presentence investigation report as a basis for imposing prison terms instead of community control. We disagree.
 {¶ 4} Trial courts are vested with full discretion in imposing sentence for felony offenses within the statutory ranges set forth in R.C. 2929.14. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100. Accordingly, appellate courts review felony sentencing for an abuse of discretion. State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 12. An abuse of discretion is more than an *Page 3 
error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In so doing, we do not substitute our judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 5} Having reviewed the record, we cannot conclude that the trial court's decision to sentence Defendant to prison terms of one and two years, respectively, is arbitrary, unreasonable, or unconscionable. Because Defendant did not include a copy of the presentence investigation in the record on appeal, we presume the validity of the trial court's factual determinations in support of Defendant's sentence. See State v. Lewis, 9th Dist. No. 23116, 2006-Ohio-5422, at ¶ 17. The record with which this court has been provided reflects that the trial court considered the contents of the presentence investigation report, including the statements of the victim as recited by the trial court on the record, as well as Defendant's objections to the victim's statement and her own explanation of the statements contained therein. The prison terms imposed by the trial court are well within the statutory guidelines for felonies of the second and fourth degrees and the sentences comport with the purposes of felony sentencing. See R.C.2929.11(A) and R.C. 2929.14(A). Under these circumstances, we cannot conclude that the trial court abused its discretion in imposing sentence upon Defendant.
 {¶ 6} Defendant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed. *Page 4 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1