DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant appeals his sentence and conviction for unlawful transaction in weapons and illegal possession of a firearm in a liquor establishment with a firearm specification. We affirm.
 {¶ 2} On June 9, 2005, Defendant was indicted on one count of unlawful transactions in weapons, in violation of R.C. 2923.20(A)(1), a fourth-degree felony with a firearm specification, and one count of illegal possession of a firearm in a liquor permit premises, in violation of R.C. 2923.121(A), a fifth-degree felony with a firearm specification. On May 18, 2007, a jury found Defendant guilty on all charges and specifications and the trial court sentenced *Page 2 
Defendant to eleven months of incarceration for each count, to be served concurrently and an additional one year of incarceration for the firearm specification attached to count one.
 {¶ 3} Defendant timely appealed his conviction and sentence and raises three assignments of error.
 Assignment of Error I "The trial court erred in attaching gun specification charges to counts one and two and/or in denying Defendant's motion to dismiss the gun specification charges."
 {¶ 4} In his first assignment of error, Defendant argues that his sentences for the principle offenses and accompanying gun specifications violate his rights to equal protection and against double jeopardy. Defendant maintains that the principle offenses and the gun specifications are allied offenses: "[t]he act of possessing a firearm or handing a firearm to another are not crimes that are made more dangerous by the fact that the offender possessed a firearm orhanded a firearm to another." (Emphasis sic).
 {¶ 5} "Trial courts are vested with full discretion in imposing sentence for felony offenses within the statutory ranges[.]" State v.Clevenger, 9th Dist. No. 07CA009208, 2007-Ohio-7034, at ¶ 4, citingState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100. Accordingly, we review a trial court's sentencing decision for an abuse of discretion. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12. "An abuse of discretion is more than an error in *Page 3 
judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In so doing, we do not substitute our judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621." Clevenger at ¶ 4.
 {¶ 6} We initially note that Defendant did not raise this constitutional issue at trial. In fact, defense counsel argued at sentencing that the sentence should be exactly as the trial court imposed, stating:
 "MR. NORTON [defense counsel]: I believe there is a mandatory firearm specification on this case; however, these occurrences all related to the same singular act. I submit that any kind of firearm specification[s] should be merged together, so instead of two consecutive one year firearm specifications, I believe he should only be sentenced to one of them.
 * * *
 "I ask [that] any other sentence you impose beyond a single one year firearm specification be run concurrently."
In State v. Messer (1995), 107 Ohio App.3d 51, we stated that:
 "Failure to raise an apparent constitutional claim at trial operates as a waiver of that claim. State v. Awan (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 202-203, 489 N.E.2d 277, 279-280. Although appellate courts have the discretion to review claims when they are not raised below, that discretion ordinarily is not exercised where the right to be vindicated was in existence prior to or at the time of trial." Id. at 58.
 {¶ 7} Defendant has waived his right to assert the constitutional claims set forth in this assignment of error. Moreover, as we noted inMesser, a defendant's *Page 4 
claim that an added term of incarceration for the firearm specification violates the constitutional guarantee against double jeopardy found in the Fifth and Fourteenth Amendments to the United States Constitution is without merit "because it does not create a separate offense of which [Defendant] can be convicted. It only becomes effective as a sentencing enhancer once a defendant is convicted of a felony as set forth in the statute. Thus, a defendant does not receive multiple sentences, but rather a single more severe penalty because the conviction involves a firearm." Id. at 58.
 {¶ 8} Defendant's first assignment of error is overruled.
 Assignment of Error II "The guilty verdicts on counts one and two and the gun specification findings for both counts one and two were against the manifest weight of the evidence."
 Assignment of Error III "The trial court erred in overruling the Defendant's motion for judgment of acquittal, pursuant to Criminal Rule 29, on counts one and two and the gun specification findings since they were not supported by sufficient evidence."
 {¶ 9} In his second and third assignments of error, Defendant argues that his conviction on the gun specifications and the underlying convictions attached to both counts of the indictment were against the manifest weight of the evidence and not supported by sufficient evidence. Specifically, Defendant maintains that there was no evidence that: (1) liquor was being served in the bar in which the incident *Page 5 
took place ("Gil's"); (2) Defendant gave co-defendant Gary Manning ("Manning") the gun; and (3) that Manning was intoxicated. We disagree.
 {¶ 10} "When reviewing the trial court's denial of a Crim.R. 29 motion, this court assesses the sufficiency of the evidence `to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" State v.Flynn, 9th Dist. No. 06CA0096-M, 2007-Ohio-6210, at ¶ 8, quotingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. To determine such, we view the evidence in the light most favorable to the prosecution. Jenks, 61 Ohio St. 259 at paragraph two of the syllabus; State v. Feliciano (1996), 115 Ohio App.3d 646, 653. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 11} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). In assessing a challenge to the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed *Page 6 
and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
"This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant." Flynn at ¶ 9, citing Otten at 340.
 {¶ 12} Moreover, "because sufficient evidence is required to take a case to the jury, the conclusion that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency."Flynn at ¶ 10, citing State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Roberts at *2.
 {¶ 13} Defendant was convicted of an unlawful transaction in weapons in violation of R.C. 2923.20(A)(1). R.C. 2923.20(A)(1) states:
 "(A) No person shall:
 "(1) Recklessly sell, lend, give, or furnish any firearm to any person prohibited by section 2923.13 or 2923.15 of the Revised Code from acquiring or using any firearm, or recklessly sell, lend, give, or furnish any dangerous ordnance to any person prohibited by section 2923.13, 2923.15, or 2923.17 of the Revised Code from acquiring or using any dangerous ordnance[.]"
Defendant was also convicted of illegal possession of a firearm in a liquor establishment in violation of R.C. 2923.121(A), which states:
 "(A) No person shall possess a firearm in any room in which liquor is being dispensed in premises for which a D permit has been issued under Chapter 4303. of the Revised Code or in an open air arena for which a permit of that nature has been issued." *Page 7 
 {¶ 14} At trial, the State presented evidence and testimony of two witnesses, the bar owner (Tina Curry) and responding police officer Stanley Marrero. Defendant did not present any witnesses.
 {¶ 15} Ms. Curry testified that she was the owner of Gil's and that she owned a D-6 liquor permit, which allows her to sell liquor. Ms. Curry identified Defendant in the courtroom and then proceeded to describe the events of the evening of March 14, 2005, which occurred during normal business hours.
 {¶ 16} Ms. Curry reported that her bartender told her about two men in the back of the bar who were intoxicated and had a gun. Ms. Curry indicated that she saw Defendant with the gun and saw him give it to Manning, who she knew and identified. She saw Manning drop the gun to the ground and saw Defendant pick it up and hand it back to Manning, who proceeded to twirl it on his finger and then drop it again. Ms. Curry testified that a third person then picked up the gun and handed it to Defendant who handed it yet again to Manning. Ms. Curry indicated that she then called the police and described all three men from about 15 feet away. Ms. Curry testified that both Defendant and Manning were intoxicated as evidence by their slurred speech and staggering. She did not serve them any alcohol.
 {¶ 17} Ms. Curry testified that, after the police arrived, Defendant refused to comply with Officer Marrero's orders and kept yelling that the gun belonged to him and was registered in his name. Ms. Curry indicated that she identified both *Page 8 
Defendant and Manning at the scene as being the men involved and gave a report to Officer Marrero, although she did not mention Defendant by name to Officer Marrero because she did not know him.
 {¶ 18} Officer Marrero was the officer who responded to Ms. Curry's 911 call. Based on Ms. Curry's identification of Manning to the 911 operator, Marrero identified Manning as Manning and Defendant were leaving Gil's. Marrero ordered the men to place their hands on a nearby vehicle. After five orders, Marrero explained that Manning complied, but Defendant was "ranting and raving," putting his hands on and off the vehicle. Marrero indicated that he then approached the complying Manning and found the gun, after which Defendant repeatedly yelled that the gun belonged to him and was registered in his name. Both men were arrested. Marrero testified that Defendant continued to yell in the police car that the gun was his and that he had given it to Manning. Marrero explained that it was not the Lorain Police Department's procedure at that time to put such statements in writing.
 {¶ 19} Marrero identified the gun in the courtroom as being the weapon found in Manning's possession on the night in question. Marrero explained that the gun was in a lock and load position when it was found. Finally, Marrero indicated that Manning was "highly intoxicated" upon his arrest.
 {¶ 20} Defendant argues that the State failed to present any evidence that liquor was being dispensed at Gil's at the time of the incident, but as we stated in *Page 9 State v. Capan (Apr. 19, 1995), 9th Dist. No. 16892 at *3, "[d]irect evidence is not required * * * in order to prove a fact beyond a reasonable doubt." In Capan, the defendant alleged that the state had failed to establish that the bar in question held a liquor permit, an element of R.C. 2923.121. We found this argument to be without merit, noting that
 `"Circumstantial evidence and direct evidence inherently possess the same probative value. In some instances certain facts can only be established by circumstantial evidence. * * * Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. * * * Once the jury is properly instructed as to the heavy burden the state bears under the "guilt beyond a reasonable doubt" standard, the jury is then free to choose between competing constructions. (Citations omitted.)'" (Alternations in original) Id., quoting State v. Jenks (1991), 61 Ohio St.3d 259, 272-273.
 {¶ 21} The State relied on testimony that Gil's was licensed to sell liquor during normal business hours and that the incident occurred during normal business hours. Although there was no evidence that other patrons were being served at precisely the same moment as Defendant was handing the gun to Manning, Ms. Curry testified that Defendant and Manning were not served thereby implying that other patrons were or could have been served. The jury was free to decide that liquor was being dispensed so as to satisfy the statutory requirements. Defendant has pointed this court to no authority that requires proof that a drink was actually being poured into a glass at the same time Defendant handed Manning the gun. *Page 10 
 {¶ 22} We also find Defendant's assertion that there was no physical or forensic evidence that Manning was intoxicated as required by R.C.2923.20(A)(1) and R.C. 2923.15(A) to be without merit. Once again, Defendant has failed to point to any authority setting forth the requirements to establish intoxication in this context and the State's failure to satisfy those requirements. Ms. Curry and Officer Marrero testified that Manning was intoxicated. It is reasonable that the jury could believe a bar owner and police officer's assessment that Manning was intoxicated, especially when Ms. Curry testified to slurred speech and staggering by both men.
 {¶ 23} Based on the foregoing, we cannot conclude that the jury lost its way in finding that Defendant gave Manning, an intoxicated person, a gun inside Gil's bar, an establishment that was serving liquor as allowed by state permit. Defendant's convictions were not against the manifest weight of the evidence and therefore were supported by sufficient evidence. Roberts at *2.
 {¶ 24} Defendant's second and third assignments of error are overruled.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 11 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J. CONCUR. *Page 1