{¶ 18} I agree with the majority's resolution of Defendant's assignment of error to the extent that in State v. Bezek,114 Ohio St.3d 94, 2007-Ohio-3250, the Supreme Court of Ohio held that "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at syllabus. Because Defendant was not informed of his postrelease control *Page 11 
obligations when he was originally sentenced in 2002, his sentence was void pursuant to Bezek and the appropriate remedy was "a new sentencing hearing for that particular offense." Id. I therefore agree that Defendant's rights to due process and to be free from double jeopardy and multiple sentences for the same offense were not violated by the fact that he was ultimately re-sentenced in that respect.
 {¶ 19} I disagree, however, with the majority's resolution of the State's assignment of error. As an initial matter, I wholeheartedly agree that, as required by App.R. 16(A) and App.R. 12(A)(2), an appellant must separately argue each assignment of error. See, e.g.,State v. Vinson, 9th Dist. No. 23739, 2007-Ohio-6045, at ¶ 25-26;State v. Mastice, 9th Dist. No. 06CA0050, 2007-Ohio-4107, at ¶ 8-10. In this case, however, the State's argument that the trial court abused its discretion by reducing Defendant's sentence in the June 22, 2007, journal entry is inextricably tied to its procedural argument and is properly considered as part of the State's assignment of error. Having reviewed that assignment of error on the merits, I conclude that the trial court abused its discretion on the facts of this case and would reverse.
 {¶ 20} In this case, we are presented not with a void judgment that required that the trial court conduct a new sentencing hearing afterBashlor I, but with a deficiency in the format of the sentencing entry that rendered the 2006 order *Page 12 
nonfinal. The trial court's decision to revisit Defendant's sentencing is bound up with its exercise of discretion in changing Defendant's sentence.
 {¶ 21} In the wake of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, this Court has determined that trial courts are vested with full discretion in imposing sentence for felony offenses within the statutory ranges set forth in R.C. 2929.14 and that we review felony sentencing for an abuse of discretion. See, e.g., State v.Clevenger, 9th Dist. No. 07CA009208, 2007-Ohio-7034, at ¶ 4. "The idea of discretion is that the trial court has a range of options within which it can operate." Shook v. Shook (Sept. 23, 1998), 9th Dist. No. 97CA0074, at *2. Consequently, the existence of discretion implies boundaries for its exercise:
 "[Discretion may be broad, but it rarely is unlimited. The essence of discretionary decision-making is the power to choose from a number of acceptable options. As long as the choice lies within the spectrum of decisions that are deemed acceptable, reviewing courts should not interfere or second guess. But reviewing courts may freely define the range of acceptable choices, as setting the boundaries of discretion lies within the province of appellate review. Trial courts exercise discretion; appellate courts define it." Metzger v. Al Ataie, 4th Dist. No. 02CA11, 2003-Ohio-2784, at ¶ 18 (Harsha, J., dissenting).
 {¶ 22} Surely the circumstances in this case presented a boundary on the exercise of the trial court's discretion. In 2002, a judge of the Lorain County Court of Common Pleas accepted Defendant's plea after reviewing the terms of his plea agreement, which included a sentencing recommendation that the State and the Defendant agreed to be appropriate. In 2006, the trial court re-sentenced Defendant to the same term under the authority granted by R.C. 2929.191 and *Page 13 
informed Defendant of his postrelease control obligation. In BashlorI, this Court determined that a defect in the form of that judgment entry rendered it nonfinal. The sentence was not void; it had not yet been reduced to a judgment that could be reviewed on appeal. In 2007, the parties approached the trial court for a new order that complied with Crim.R. 32(C), five years after the original judge reviewed the plea agreement and the recommendations of the parties and imposed sentence.
 {¶ 23} Under the very specific facts of this case, I conclude that the trial court abused its discretion by reducing Defendant's sentence in its June 22, 2007, journal entry. Accordingly, I would sustain the State's assignment of error and reverse the judgment of the trial court to the extent that it reduced Defendant's sentence. *Page 1