DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Kevin L. Cook, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part, vacates Cook's convictions, and remands his case for further proceedings consistent with this opinion.
 I {¶ 2} On April 11, 2002, the grand jury indicted Cook on the following counts: attempted murder, in violation of R.C. 2903.02(B)/2923.02, with a firearm specification pursuant to R.C. 2941.145; aggravated burglary, in violation of R.C. 2911.11(A)(1)/(2), with a firearm specification pursuant to R.C. 2941.145; and felonious assault, in violation of R.C. 2903.11(A)(2) with a firearm specification pursuant to R.C. 2941.145.
 {¶ 3} On January 16, 2003, the State dismissed the attempted murder count and Cook entered into a plea agreement whereby he pled guilty to a lesser degree of burglary and felonious assault, both with firearm specifications. On February 4, 2003, Cook was sentenced to six years *Page 2 
in prison for his offenses, with an additional three years based on the firearm specification, for a total of nine years. On June 29, 2007, Cook appealed his convictions to this Court, but we determined that the trial court's order issued in February 2003 was not a final appealable order. At Cook's re-sentencing hearing on September 17, 2007, Cook sought to withdraw his guilty plea. The trial court denied his oral motion, but appointed him counsel at that time.
 {¶ 4} On October 9, 2007, the trial court denied Cook's oral and written motions to withdraw his guilty plea and proceeded with re-sentencing. The court issued Cook the same nine year sentence that it previously imposed. Cook was also advised he would be placed on post-release control for five years following his release. Cook now appeals from his conviction and sentence.
 II Assignment of Error Number One "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND DEFENDANT GUILTY OF BURGLARY, WITH FIREARM SPECIFICATION, AND FOUND HIM GUILTY OF FELONIOUS ASSULT, (sic) WITH FIREARM SPECIFICATION, ON THE GROUNDS THAT THE INDICTMENT WAS FATALLY DEFECTIVE UNDER STATE V. COLON, [118 OHIO ST.3D 26,] 2008-OHIO-1624, BECAUSE THE INDICTMENT DID NOT CHARGE THE MENS REA ELEMENT FOR THOSE CRIMES[.]"
 {¶ 5} In his first assignment of error, Cook argues that his indictment was defective because it failed to include a mens rea for the firearms specifications. Cook further asserts that in the absence of any statutory language as to the requisite degree of culpability associated with the firearms specification, the catch-all mental state of recklessness should apply. Cook maintains that the indictment was defective because it failed to include this material element of the firearm specifications, and that pursuant to State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624, his case is laden with structural errors that require we reverse his conviction. We disagree. *Page 3 
 {¶ 6} We first address Cook's assertion that Colon should control our review of this matter. In Colon, the Supreme Court held that a "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." Colon at syllabus(Colon I). The Court opined that the omission of a mens rea from an indictment can lead to multiple structural errors throughout a trial which could in turn, warrant reversal in certain cases. Id. at ¶ 28-32. The Court subsequently clarified its holding in Colon I, when considering the State's motion for reconsideration by noting that "structural-error analysis * * * is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment." State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, at ¶ 8 (Colon II). Outside of those circumstances, "when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the charged offense, a plain-error analysis is appropriate." Id. at ¶ 7.
 {¶ 7} Crim. R. 52(B) provides that an appellate court may review "[p]lain errors or defects affecting substantial rights" even if "they were not brought to the attention of the court" pursuant to Crim. R. 52(B). To determine plain error, "[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain * * * within the meaning of Crim. R. 52(B), * * * [such as] an `obvious' defect in the trial proceedings[,] * * * [and] [t]hird, the error must have affected `substantial rights.'" State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, at ¶ 16. Our review of Cook's indictment convinces us that no such error exists.
 {¶ 8} It is undisputed that each count in Cook's indictment includes a firearm specification, and the specification for each count does not include a culpable mental state. Further, Cook accurately states that the firearm specification statute, R.C. 2941.145, does not *Page 4 
include any statutory language specifying a mens rea. However, this Court has previously held that a firearm specification does not constitute a separate offense and therefore does not impose a culpable mental state. State v. Lee, 9th Dist. No. 07CA009184, 2008-Ohio-343, at ¶ 7, State v. Allen (Apr. 2, 1986), 9th Dist. No. 12161, at *2;State v. Swiger (Apr. 3, 1991), 9th Dist. No. 14651, at*5; State v.Dapice (1989), 57 Ohio App.3d 99, 101. Firearm specifications are penalty enhancements that attach to an underlying offense, thus do not include a specific mens rea of their own. See Allen, at *2.
 {¶ 9} Specifically, R.C. 2941.145(A) applies to an offender who "had a firearm on or about [him] or under * * * [his] control while committingthe offense and displayed the firearm, brandished the firearm, * * * orused it to facilitate the offense." (Emphasis added.) By its own terms, the statute requires that an underlying offense occur for the firearm specification to be applicable. Thus, R.C. 2941.145 cannot stand alone as a separate offense as Cook would like to argue.
 {¶ 10} We reject Cook's attempt to fashion his circumstances as similar to those of Colon I, where the defendant went to trial based on a defective indictment and structural error permeated his trial. In the instant case, Cook negotiated a plea based on an indictment containing a firearm specification which this Court has held does not impose any mens rea. Cook's first assignment of error is overruled.
 Assignment of Error Number Two "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ACCEPTING DEFENDANT'S GUILTY PLEA ON THE GROUNDS THAT UNDER STATE V. SARKOZY, 117 OHIO ST.3D 86, [2008-OHIO-509,] THE TRIAL COURT FAILED TO COMPLY WITH CRIM. R. 11 DURING DEFENDANT'S PLEA COLLOQUY BY NOT ADVISING DEFENDANT THAT HIS SENTENCE WOULD INCLUDE A MANDATORY TERM OF POSTRELEASE CONTROL[.]" *Page 5 
 {¶ 11} In Cook's second assignment of error, he argues that the trial court's failure to mention mandatory post-release control during his plea colloquy constitutes reversible error. We agree.
 {¶ 12} In a criminal case, "[w]hen a defendant enters a plea * * * [,] the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶ 7, quotingState v. Engle (1996), 74 Ohio St.3d 525, 527. The Ohio Rules of Criminal Procedure require that the trial court address the defendant and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" Crim. R. 11(C)(2)(a). "Strict adherence to the procedures imposed by these rules is not constitutionally mandated; however, courts have interpreted them as requiring substantial compliance with their provisions." In re Hall (Mar. 13, 2002), 9th Dist. No. 20658, at *1, citing State v. Billups (1979), 57 Ohio St.2d 31, 38; State v. Nero
(1990), 56 Ohio St.3d 106, 108. Furthermore, this Court has held that the "[t]erms of post-release control are a part of a defendant's actual sentence" and that "a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of [his] sentence." State v. Gordon, 9th Dist. No. 07CA0055, 2008-Ohio-341, at ¶ 5, quoting Woods. v. Telb (2000), 89 Ohio St.3d 504.
 {¶ 13} Here, the State concedes that the trial court failed to advise Cook at the time that he entered his guilty plea that he would be subject to mandatory post-release control. After reviewing the transcripts, we agree that the trial court did not address the issue of post-release control at any point during Cook's plea colloquy. The trial court did recite the elements of both *Page 6 
the burglary and the felonious assault offenses and did inform Cook that he was subject to two to eight years in prison and fines of $15,000. Similarly, the court stated with each offense that there was a firearm specification attached. The trial court failed, however, to address the terms of Cook's mandatory post-release control at any point in the colloquy. Because Cook was not advised by the trial court when he entered his guilty pleas that he was subject to a mandatory three year term of post-release control, which could include a return to prison should he be found in violation, we find that his plea was not entered into "knowingly, intelligently, or voluntarily" and must be vacated. Cook's second assignment of error is sustained.
 Assignment of Error Number Three "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING BY NOT CONDUCTING A FULL AND FAIR HEARING ON HIS MOTION."
 Assignment of Error Number Four "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT A DE NOVO SENTENCING."
 {¶ 14} In his final two assignments of error, Cook asserts the trial court further erred by denying his motion to withdraw his guilty plea and by failing to conduct a de novo sentencing. Because the Court has determined that his plea must be vacated, these errors are moot. See App. R. 12(A)(1)(c).
 III {¶ 15} Cook's first assignment of error is overruled. Cook's second assignment of error is sustained, and his remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, Cook's convictions are vacated, and this case *Page 7 
is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, convictions vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
 CARR, P. J. MOORE, J. CONCUR *Page 1