[Cite as *State v. Warren*, 2025-Ohio-3115.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

JOVON D. WARREN

    Appellant

C.A. No.    2025CA0015-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2024-CR-0406

DECISION AND JOURNAL ENTRY

Dated: September 2, 2025

SUTTON, Judge.

{¶1}    Defendant-Appellant Jovon Warren appeals the judgment of the Medina County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    On June 17, 2024, Deputy Eliza Postlethwait of the Medina County Sheriff's Office was on duty at approximately 2:44 a.m. traveling northbound on I-71 in Medina Township when she observed a southbound vehicle.  In her rearview mirror, Deputy Postlethwait saw one of the vehicle's taillights was broken, emitting a white light instead of red, which is an equipment violation.  Deputy Postlethwait turned around, ran the vehicle's license plate, and discovered the registered owner of the vehicle had a suspended driver's license.  Deputy Postlethwait initiated a traffic stop and approached the passenger side of the vehicle.  Mr. Warren and his wife and child were in the vehicle.

{¶3}    Mr. Warren was in the front passenger seat of the vehicle and his wife was the driver. Deputy Postlethwait advised Mr. Warren of the reasons for the stop, the broken taillight and the registered owner of the vehicle having a suspended license, but Mr. Warren appeared to be having difficulty understanding and Deputy Postlethwait had to repeat herself several times.

{¶4}    Deputy Postlethwait asked Mr. Warren if he had any weapons, but Mr. Warren did not answer. Due to Mr. Warren's lack of cooperation, Deputy Postlethwait called for backup. After calling for backup, Deputy Postlethwait observed a firearm in Mr. Warren's waistband.

{¶5}    Detective Gabriel Cotrufo of the Medina County Sheriff's Office arrived on the scene as well as several other deputies, and Mr. Warren was arrested. During the arrest, Detective Cotrufo smelled alcohol when he got close to Mr. Warren. Detective Cotrufo tried to explain the situation to Mr. Warren, but it "just wasn't landing[,]" leading the detective believe Mr. Warren was under the influence of alcohol. Detective Cotrufo seized the firearm from Mr. Warren, which had a loaded magazine inside it. When Detective Cotrufo secured Mr. Warren in his car, he continued to smell alcohol and observed Mr. Warren's speech was slow and he was slurring his words.

{¶6}    At the Medina County Jail, Deputy Postlethwait smelled the odor of alcohol coming from Mr. Warren's person and observed that his eyes were bloodshot, glassy, and droopy, his speech was slurred, and his movements were lethargic. Mr. Warren continued to be confused about the reason for the traffic stop. Deputy Postlethwait advised Mr. Warren she believed he had been drinking and asked Mr. Warren if she could administer a horizontal gaze nystagmus ("HGN") test, which is a test to assess alcohol impairment, but Mr. Warren refused to cooperate.

{¶7}    The Medina County Grand Jury subsequently indicted Mr. Warren for improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(D)(1)(I), a felony of the fourth

degree, together with a specification for forfeiture of a weapon pursuant to R.C. 2941.1417(A). The indictment alleged Mr. Warren knowingly transported a loaded handgun in a motor vehicle when he was under the influence of alcohol, a drug of abuse, or a combination of them.

{¶8} Mr. Warren pleaded not guilty, and the matter proceeded to trial. A jury found Mr. Warren guilty of the charge of improperly handling firearms in a motor vehicle and the forfeiture specification. The trial court sentenced Mr. Warren to twelve months incarceration with credit for 242 days served and ordered forfeiture of the weapon, a Taurus G3 9mm handgun.

{¶9} Mr. Warren has appealed, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**INSUFFICIENT EVIDENCE SUPPORTED [MR. WARREN'S] CONVICTION FOR IMPROPER HANDLING OF A FIREARM IN A MOTOR VEHICLE[.]**

{¶10} In his sole assignment of error, Mr. Warren challenges the sufficiency of the evidence for his conviction for improper handling of a firearm in a motor vehicle. Specifically, Mr. Warren argues there was insufficient evidence he was under the influence when he possessed the firearm. In his brief, Mr. Warren challenges only the sufficiency of evidence concerning "under the influence."

{¶11} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶12}  R.C. 2923.16 provides in relevant part:

(D) No person shall knowingly transport or have a loaded handgun in a motor vehicle if, at the time of that transportation or possession, any of the following applies:

(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

"The term 'under the influence' means that 'the defendant consumed some [alcohol], . . . in such a quantity, whether small or great, that it adversely affected and appreciably impaired the defendant's actions, reactions, or mental processes under the circumstances then existing[.]'" *State v. Clark*, 2007-Ohio-3777, ¶ 12 (8th Dist.), quoting 4 Ohio Jury Instructions 6, Section 545.25.

{¶13}  Mr. Warren argues the evidence presented by the State was insufficient for the jury to conclude he was under the influence of alcohol because Mr. Warren "never admitted to drinking alcohol, there were no open containers in the vehicle, [there was] no testimony regarding balance issues, and law enforcement never tested him for any specific cognitive deficiency, either by field sobriety tests or a breathalyzer test." While Mr. Warren argues the odor of alcohol, slurred speech, bloodshot and glassy eyes, and his confused manner are insufficient to prove he was under the influence, he has cited no authority in support of this argument.

{¶14}  There is no requirement that officers perform field sobriety tests to prove someone is under the influence. *See State v. Oliver*, 2024-Ohio-4542 ¶ 41 (11th Dist.). "It is established . . . that the element of being 'under the influence of alcohol' may be proven by eye-witness testimony, without recourse to field sobriety or other tests." *State v. Scandreth*, 2009-Ohio-5768,

¶ 71 (11th Dist.), citing *State v. Lee*, 2008-Ohio-343, ¶ 22 (9th Dist.). Moreover, Deputy Postlethwait attempted to administer the HGN test on Mr. Warren, but he refused to cooperate.

{¶15} In *State v. Zentner*, 2003-Ohio-2352 (9th Dist.), we concluded the evidence was sufficient to support a DUI conviction after trial where a witness who had experience with people who have consumed alcohol testified the defendant "reeked of alcohol," "was staggering about" and was drunk. *Id.* at ¶ 11-12, 23. In that case, we observed that even a "lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated." *Id.* at ¶ 19, quoting *State v. Delong*, 2002-Ohio-5289, ¶ 60 (5th Dist.).

{¶16} Mr. Warren also argues "people vary in their cognitive abilities and someone simply being inquisitory about why they were stopped by the police" and "'some' slurred words during a lengthy interaction" do not necessarily indicate someone is under the influence. However, the State was not required to prove the evidence presented was irreconcilable with any reasonable theory of innocence in order to support a conviction. *Id.* at ¶ 41, citing *State v. Jenks*, 61 Ohio St.3d 259 at paragraph one of the syllabus.

{¶17} In this case, the State presented evidence that Mr. Warren smelled of alcohol, had glassy watery eyes, and was slurring his speech. These observations were made by law enforcement officers who had experience and training in detecting signs of alcohol impairment. He was uncooperative with Deputy Postlethwait and appeared to not understand why the vehicle had been stopped, despite Deputy Postlethwaite explaining to him numerous times that she stopped the vehicle due to the broken taillight and the vehicle's owner having a suspended license. Viewing this evidence in the light most favorable to the State, the trier of fact could reasonably infer Mr. Warren was under the influence of alcohol. *See Oliver* at ¶ 40.

{¶18} Accordingly, Mr. Warren's assignment of error is overruled.

III.

{¶19} For the forgoing reasons, Mr. Warren's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JORDAN BENSON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.