DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rondale Miller, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On December 5, 2005, the Summit County Grand Jury indicted Appellant on two counts of intimidation of a crime victim or witness, in violation of R.C. 2921.04(B), third-degree felonies; one count of menacing by stalking, in violation of R.C. 2903.211(A), a fourth-degree felony; two counts of domestic violence, in violation of R.C.2919.25(A), third-degree felonies; two counts of domestic violence, in violation of R.C. 2919.25(C), first-degree misdemeanors; four counts of violating a protection order, in violation of R.C. 2919.27, third-degree felonies; and three counts of endangering children, in violation of R.C.2919.22(A), first-degree misdemeanors. Appellant pled not guilty to each of the above charges.
 {¶ 3} One month later a supplemental indictment was filed against Appellant for an additional two counts of violating a protection order, in violation of R.C. 2919.27, third-degree felonies; and one count of menacing by stalking, in violation of R.C. 2903.211(A), a fourth-degree felony. Appellant also pled not guilty to each of the charges in the supplemental indictment.
 {¶ 4} Prior to trial, Appellee dismissed two counts of child endangering and the trial court renumbered the indictment accordingly. A jury trial proceeded on the remaining 15 counts. The jury returned the following verdicts: not guilty of intimidation of a crime victim or witness (third-degree felonies), but guilty of the lesser and included offense of intimidation of a crime victim or witness (first-degree misdemeanors) in Counts One and Two; guilty of menacing by stalking in Count Three; guilty of domestic violence (third-degree felony) in Count Four; not guilty of domestic violence (third-degree felony) in Count Five; guilty of domestic violence (first-degree misdemeanors) in Counts Six and Seven; guilty of violating a protection order in Counts Eight, Nine, Ten, and Eleven; not guilty of child endangering in Count Twelve; not guilty of violating a protection order in Count Thirteen; not guilty of violating a protection order (third-degree felony), but guilty of the lesser and included offense of violating a protection order (first-degree misdemeanor) in Count Fourteen; and not guilty of menacing by stalking in Count Fifteen. The trial court sentenced Appellant to a total prison sentence of three and one-half years.
 {¶ 5} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error "APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE 4TH, 5TH, 6TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION[,] AS WELL AS ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WAS EFFECTIVELY DENIED BY HIS TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION."
 {¶ 6} Appellant's first assignment of error alleges ineffective assistance of trial counsel. Specifically, Appellant asserts his trial counsel failed to object to Appellee's use of prior crimes as character evidence and thus he was prejudiced by the jury hearing about prior unrelated acts of violence against the victim. We disagree.
 {¶ 7} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. McMann v.Richardson (1970), 397 U.S. 759, 771. To prevail on a claim of ineffective assistance of counsel, Appellant must meet the two-prong test established in Strickland v. Washington, (1984), 466 U.S. 668, 687.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 8} The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at *2, citing Strickland, 466 U.S. at 689. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 9} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Further, an appellate court need not analyze both prongs of theStrickland test if it finds that Appellant failed to prove either.State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10.
 {¶ 10} Although either step in the process may be dispositive, we will begin by addressing the deficiency question based on the particular error Appellant asserts in his first assignment of error. Appellant alleges his trial counsel was deficient for failing to object to Appellee's use of his prior convictions as character evidence. However, as a matter of law, the failure to object to an error at trial may be justified as a trial tactic and thus does not sustain a claim of ineffective assistance of counsel. State v. Gumm (1995),73 Ohio St.3d 413, 428; State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 24, quoting State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Strategic trial decisions are left to the deference of trial counsel and are not to be second-guessed by appellate courts. State v.Carter (1995), 72 Ohio St.3d 545, 558; Taylor at ¶ 76.
 {¶ 11} The limited record before us does not contain a specific objection to Appellee's direct examination of Elaina Kendrick regarding her relationship history with Appellant and his prior domestic violence convictions. However, the record shows that Appellant's trial counsel specifically cross-examined Ms. Kendrick regarding the very same issues. Accordingly, we will not second-guess defense counsel's trial tactic of not specifically objecting during direct examination and then cross-examining the witness on the same issues.
 {¶ 12} Appellant has failed to meet his burden of proof regarding how his trial counsel's performance was deficient. Thus, Appellant's charges do not rise to the level of ineffective assistance of counsel. SeeStrickland, 466 U.S. at 687.
 {¶ 13} Further, Appellant's first assignment of error fails as Appellant has not provided this Court with the complete trial transcript. An appellate court's review is limited to the record presented before it. State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11. See, also, App.R. 9 and 12(A)(1)(b). It is appellant's responsibility to supply the record demonstrating the error presented on appeal. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19. See, also, App.R. 9(B) and 10(A). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court." Sugalski at ¶ 11, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also App.R. 9(B).
 {¶ 14} We note that the prosecution filed a pretrial Notice of Intent to Use Other Act Evidence, and requested a pretrial ruling on the admissibility of that evidence. When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp, 61 Ohio St.2d at 199. See, also, Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted, which are necessary for effective review, the appellate court must affirm). Appellant has failed to transmit the entire transcript of the trial proceedings. Appellant omitted the first 131 pages of the trial transcript which are presumed to have contained voir dire, opening statements and any motions, objections, stipulations, or rulings on pretrial motions. Accordingly, absent the first 131 pages of the trial transcript, Appellant cannot demonstrate that the trial court did not comply with the state's request for a ruling on the admissibility of the other act evidence by ruling it admissible, and granting Appellant a continuing objection thereto, thus obviating further objections.
 {¶ 15} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error "APPELLANT'S CONVICTION ON COUNT SEVEN WAS BASED ON INSUFFICIENT EVIDENCE."
 {¶ 16} In his second assignment of error, Appellant alleges there was insufficient evidence to convict him of domestic violence against E.K., Ms. Kendrick's eldest son, in Count Seven. Appellant asserts that he does not fit into any of the relationship criteria set forth in the statute with regards to E.K. We decline to address the second assignment of error as it is moot.
 {¶ 17} The Ohio Supreme Court has held that when a criminal defendant voluntarily pays the fine or serves the entire sentence imposed, "an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. It is the defendant's responsibility to present evidence that he has a "substantial stake in the judgment of conviction." Id. at 237.
 {¶ 18} Accordingly, "[an] appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him." (Emphasis omitted.) State v. Tolbert, 9th Dist. No. 21203, 2003-Ohio-2160, at ¶ 6. Unless a defendant files a motion to stay execution of his sentence, the defendant is deemed to have voluntarily served his sentence. State v. Campbell, 9th Dist. No. 23078,2006-Ohio-4977, at ¶ 7.
 {¶ 19} Our review of the record before us demonstrates that Appellant was sentenced to six months in the Summit County Jail for his conviction under Count Seven, a first-degree misdemeanor, and this sentence was to be served concurrently with the other counts. Appellant was sentenced on April 28, 2006. The record is void of any motions to stay execution. Additionally, Appellant's brief is void of any evidence of him suffering a collateral disability or loss of civil rights. Accordingly, Appellant voluntarily served the six month sentence for Count Seven on or about October 26, 2006, thus rendering his second assignment of error moot. See State v. Lewis, 9th Dist. No. 23116, 2006-Ohio-5422, at ¶ 8
(Appellant's assignment of error regarding insufficient evidence and manifest weight of the evidence on his domestic violence conviction was rendered moot as the appellant had served his sentence.).
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J. MOORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)