[Cite as *State v. Price*, 2017-Ohio-4167.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 28291 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCUS D. PRICE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 07 1991 B |

DECISION AND JOURNAL ENTRY

Dated: June 7, 2017

CALLAHAN, Judge.

{¶1}   Appellant, Marcus Price, appeals his conviction for tampering with evidence by the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On February 15, 2015, Mr. Price walked into an alley with two friends, David Quarterman and A.H.  One of the two men shot A.H. in the back of the head, then fired a second shot into his temple after he fell to the ground in the snow.  Mr. Price and Mr. Quarterman left the alley together and walked to a nearby house, where Mr. Price washed his hands with bleach and changed clothes.  They left the neighborhood together when a third person provided a ride.

{¶3}   Police identified both men as suspects, and both were charged with aggravated murder, murder, and tampering with evidence.  Each provided a statement to the police that identified the other as the gunman.  Mr. Quarterman pled guilty to voluntary manslaughter and, as part of his plea agreement, agreed to testify at Mr. Price's trial.  A jury found Mr. Price not

guilty of aggravated murder and murder, but guilty of tampering with evidence in violation of R.C. 2921.12(A)(1). The trial court sentenced Mr. Price to three years in prison, and Mr. Price filed this appeal.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT VIOLATED [MR. PRICE'S] U.S. CONSTITUTION'S SIXTH AMENDMENT RIGHTS WHEN IT DENIED HIM THE ABILITY TO EFFECTIVELY CROSS-EXAMINE A WITNESS REGARDING HIS BIAS AND MOTIVATION FOR TESTIFYING.

{¶4} In his first assignment of error, Mr. Price argues that the trial court erred by refusing to allow him to cross-examine Mr. Quarterman about the sentence of life in prison without the possibility of parole that he avoided by pleading guilty. This Court disagrees.

{¶5} Criminal defendants enjoy the right to cross-examine witnesses as provided by Evid.R. 611(B), but the scope of cross-examination is a matter within the discretion of the trial court. *See State v. Green*, 66 Ohio St.3d 141, 147 (1993). This Court reviews a trial court's decision to limit the scope of cross-examination for an abuse of discretion. *State v. Treesh*, 90 Ohio St.3d 460, 480 (2001). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} Evidence of a plea agreement between a witness and the State of Ohio is admissible under Evid.R. 616(A) to demonstrate bias. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶104, citing *State v. Brooks*, 75 Ohio St.3d 148, 152 (1996). The fact that a witness pleaded guilty to lesser charges in exchange for a reduced penalty suffices to demonstrate potential bias, however, and "[a] comparison of the potential penalties under the plea agreement versus the original charges does not add to this demonstration." *State v.*

*Gresham*, 8th Dist. Cuyahoga No. 81250, 2003-Ohio-744, ¶ 9. Indeed, when a defendant faces the same charges as the witness faced, "to inform the jury of the specific penalties available against the witnesses before and after their pleas would also inform the jury of the penalties the [defendant] faced," leading to the danger of unfair prejudice under Evid.R. 403(A). *Gresham* at ¶ 10.

{¶7} In this case, Mr. Quarterman and Mr. Price were both charged with aggravated murder and murder. Both could have faced a sentence of life in prison without the possibility of parole had they been convicted of the aggravated murder charges. Mr. Quarterman testified that he had faced the same charges and acknowledged that he had entered into a plea agreement. During a thorough cross-examination, Mr. Quarterman also acknowledged that the plea agreement provided a "significantly reduced" potential sentence. Mr. Quarterman agreed that his attorneys had negotiated a good result for him by reducing his potential sentence significantly and, in addition, gaining a beneficial result for his brother in an unrelated matter.

{¶8} The extent of the testimony regarding Mr. Quarterman's plea agreement was sufficient to demonstrate his potential bias under Evid.R. 616(A). In this regard, it is significant to note that although the jury found Mr. Price guilty of tampering with evidence, it chose not to credit Mr. Quarterman's testimony that Mr. Price shot A.H. and found him not guilty of both aggravated murder and murder. In other words, Mr. Price had "'the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test.'" (Emphasis omitted.) *Drummond* at ¶ 107, quoting *State v. Durant*, 159 Ohio App.3d 208, 2004-Ohio-6224, ¶ 34 (2d.Dist.). The trial court did not abuse its discretion by limiting the cross-examination of Mr. Quarterman in this regard.

{¶9} Mr. Price's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE STATE PROSECUTOR TO ATTEMPT TO IMPEACH MR. PRICE WITH HIS JUVENILE ARREST AND DELINQUENCY RECORD.

{¶10} Mr. Price's second assignment of error is that the trial court erred by eliciting testimony on cross-examination regarding his previous arrests as a juvenile. This Court disagrees.

{¶11} Evid.R. 609(A)(2) provides that the credibility of any witness, including the defendant, can be attacked by evidence that the witness has been convicted of a crime punishable by death or more than one year in prison, subject to the limitations of Evid.R. 403(B). Evidence of juvenile adjudications, however, is only admissible for that purpose as provided by statute. Evid.R. 609(D). Under R.C. 2151.357(H), evidence of a juvenile adjudication arising from a criminal act cannot be used to impeach the credibility of a child, but "[o]therwise the disposition of a child under the judgment rendered or any evidence given in court is admissible as evidence for or against the child in any action or proceeding in any court in accordance with the Rules of Evidence."

{¶12} The limitation imposed by Evid.R. 609(D) "has always been to prohibit the use of a juvenile adjudication for purposes of general impeachment of a witness's credibility." *State v. Robinson*, 98 Ohio App.3d 560, 568 (8th Dist.1994), citing *State v. Cox*, 42 Ohio St.2d 200, 204 (1975) and *State v. White*, 6 Ohio App.3d 1, 2 (8th Dist.1982). For example, applying the provision of the General Code that predated Evid.R. 609(D) and R.C. 2151.357, the Ohio Supreme Court held that a criminal defendant who introduced evidence of his own life history could be cross-examined about prior juvenile charges that he omitted from his testimony. *State v. Marinski*, 139 Ohio St. 559 (1942), syllabus. Similarly, the Eighth District Court of Appeals

has concluded that a defendant who makes an affirmative representation on direct examination that he has never been in trouble and misrepresents his juvenile record during cross-examination can be cross-examined about his juvenile record. *State v. Phillips*, 8th Dist. Cuyahoga No. 96329, 2012-Ohio-473, ¶ 60-61. *See also State v. Powell*, 8th Dist. Cuyahoga No. 99386, 2014-Ohio-2048, ¶ 45-46; *State v. Edwards*, 10th Dist. Franklin No. 05AP-828, 2006-Ohio-6987, ¶ 14.

{¶13} Mr. Price testified in his own defense and, during his direct examination, explained that he gave multiple contradictory statements to police because he had never had a similar experience and had never been questioned at the police station before. During cross-examination, the State referenced incidents in which he had contact with police as a juvenile without describing the incidents in any detail. In the course of the exchange, Mr. Price acknowledged that it was false to say that he had no previous arrests or experience with police. Thus, the State did not introduce evidence of Mr. Price's juvenile history as a means of challenging his credibility under Evid.R. 609, but to impeach his statement about his lack of experience with police. *Compare State v. Notestine*, 6th Dist. Ottawa No. OT-08-038, 2009-Ohio-3220, ¶ 44 (concluding that a trial court did not abuse its discretion by excluding evidence of a victim's juvenile record offered in order to show that the victim "ha[d] a history of telling lies.")

{¶14} Because the State questioned Mr. Price in response to his affirmative statement that he had never been in a similar situation before, neither Evid.R. 609(D) nor R.C. 2151.357 prohibited the State's references to Mr. Price's juvenile record. The trial court did not abuse its discretion by permitting them, and Mr. Price's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND MR. PRICE GUILTY OF TAMPERING WITH EVIDENCE BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH FINDINGS.

{¶15} Mr. Price's third assignment of error argues that his conviction for tampering with evidence is based on insufficient evidence. Specifically, he has argued that there was no evidence demonstrating that he was aware that a criminal investigation was imminent and, in any event, evidence that he changed his clothes and washed his hands is insufficient to establish that he tampered with evidence. This Court disagrees.

{¶16} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, this Court does not evaluate credibility and makes all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶17} R.C. 2921.12(A)(1) provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" As the Ohio Supreme Court has concluded, "[a] conviction for tampering with evidence pursuant to R.C. 2921.12(A)(1) requires proof that the defendant intended to impair the value or availability of

evidence that related to an existing or likely official investigation or proceeding." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, syllabus. The likelihood of an investigation "is measured at the time of the act of alleged tampering." *Id.* at ¶ 19.

{¶18} Knowledge of a likely investigation cannot be imputed to a criminal defendant by "merely establishing that the crime committed is an unmistakable crime[.]" *State v. Barry*, 145 Ohio St.3d 354, 2015-Ohio-5449, syllabus. *See also In re T.R.J.*, 11th Dist. Lake No. 2016-L-010, 2016-Ohio-7160, ¶ 33 (O'Toole, J., concurring) ("The tampering with evidence statute does not apply to acts of hiding evidence, simultaneously with the underlying offense, which do not involve a separate animus or intent.") Nonetheless, the intent required by R.C. 2921.12(A)(1) can be inferred by the defendant's words, actions, and demeanor *after* a crime has been committed. *See State v. Hallman*, 8th Dist. Cuyahoga No. 103675, 2016-Ohio-3465, ¶ 14. *See also State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 27-28 (concluding that a conviction for tampering with evidence was supported by sufficient evidence when the defendant wearing bloodstained clothes, dropped an assault victim off at the hospital, then disposed of the clothes at a gas station).

{¶19} After A.H. was shot, Mr. Price and Mr. Quarterman fled to the home of S.H., the mother of several teenage girls with whom they were acquainted who lived nearby. Mr. Quarterman testified that he heard sirens and that the police drove past as he and Mr. Price walked down the street toward S.H.'s home. Mr. Quarterman also testified that Mr. Price suggested that they change their shoes because the police could identify footprints in the snow. A trier of fact could reasonably conclude, based on this evidence, that Mr. Price knew that an investigation into A.H.'s death was likely to commence. Mr. Price's other actions are viewed in that context. S.H. and her daughters testified that they identified a strong smell of bleach in their

house, and S.H. testified that she saw Mr. Price leaving an upstairs bathroom that was the source of the odor. Mr. Price admitted that he used the bleach to scrub his hands because he had come in contact with the gun used to kill A.H.

{¶20} Having resolved all reasonable inferences in favor of the State, it is apparent that the jury could reasonably conclude that Mr. Price used bleach to remove possible gunshot residue from his hands, and that he did so knowing that an investigation into A.H.'s death would soon commence. Mr. Price's conviction for tampering with evidence is supported by sufficient evidence, and his third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED MR. PRICE A FAIR TRIAL.

{¶21} Under the cumulative error doctrine, a conviction may be reversed when the cumulative effect of errors deprives a defendant of the constitutional right to a fair trial even though none of the errors, in isolation, was prejudicial. *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus. In the absence of multiple errors, the cumulative error doctrine does not apply. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 132. In this case, Mr. Price has not identified errors in the trial court proceedings, so it cannot be said that cumulative errors deprived him of a fair trial. *See State v. Taylor*, 9th Dist. Lorain No. 09CA009570, 2010-Ohio-962, ¶ 40.

{¶22} Mr. Price's fourth assignment of error is overruled.

### III.

{¶23} Mr. Price's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.