[Cite as *State v. Lawless*, 2018-Ohio-444.]

STATE OF OHIO       )             IN THE COURT OF APPEALS

                      )ss:         NINTH JUDICIAL DISTRICT

COUNTY OF WAYNE    )

STATE OF OHIO                    C.A. No.     16AP0025

      Appellee

      v.                         APPEAL FROM JUDGMENT
                                        ENTERED IN THE

RICHARD LAWLESS             COURT OF COMMON PLEAS
                                        COUNTY OF WAYNE, OHIO

      Appellant              CASE No.    2015 CRC-I 000206

## DECISION AND JOURNAL ENTRY

Dated: February 5, 2018

---

CALLAHAN, Judge.

{¶1}   Richard Lawless appeals from his convictions in the Wayne County Common Pleas Court. This Court affirms.

### I.

{¶2}   The two victims in this case, S.D. and R.K., are recovering heroin addicts. At the time of the events giving rise to Mr. Lawless's convictions, S.D. and R.K. were both active users of heroin and Mr. Lawless was their supplier. Around that same time, Gary Hubbard, Jr., Director of the Medina County Drug Task Force, was the head of an organized crime investigation that was investigating Mr. Lawless's drug dealing activities in Ashland, Medina, and Wayne Counties. Pursuant to that investigation, search warrants were executed at multiple properties. Mr. Lawless suspected that S.D. and R.K. had "snitched" on him.

{¶3}   Mr. Lawless's co-defendant, Michael Kouns, and S.D. lived at one of the properties that was searched. A couple of days after the searches, Mr. Kouns asked S.D. to go

with him to a vacant unit in the building to talk "about everything that was going on." Mr. Lawless was waiting in that unit and threatened S.D with a gun. Mr. Kouns then used S.D.'s phone to text R.K., asking him to come over. When R.K. arrived, Mr. Lawless punched him and had Mr. Kouns bind him with duct tape. Mr. Lawless threatened R.K. with the gun and struck him multiple times with a bat.

{¶4} After Mr. Lawless ended his interrogation of S.D. and R.K., he threatened that he would kill them if they reported the incident to police. Initially, neither S.D. nor R.K. went to the police. But, about ten days after the incident, they did report it to law enforcement.

{¶5} Mr. Lawless was indicted for two counts of kidnapping, one count of felonious assault, and two counts of abduction. Mr. Lawless pleaded not guilty and the matter proceeded to a jury trial. The jury found him guilty on all counts. The trial court merged the abduction counts into the kidnapping counts and sentenced Mr. Lawless to total of seventeen years in prison.

{¶6} Mr. Lawless appeals, raising three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN UNDULY RESTRICTING THE APPELLANT'S CROSS-EXAMINATION OF A KEY PROSECUTION WITNESS, THEREBY DENYING HIS RIGHT OF CONFRONTATION.

{¶7} In his first assignment of error, Mr. Lawless argues that the trial court improperly limited his cross-examination of Mr. Kouns concerning a pending case in Ashland County.[1] This Court disagrees.

---

[1] In his appellate brief, Mr. Lawless states that the questioning concerned an indictment in Medina County. The trial transcript, however, shows that this questioning concerned an indictment in Ashland County.

{¶8} While a criminal defendant has the right to cross-examine witnesses, the trial court has discretion regarding the scope of cross-examination. *State v. Price*, 9th Dist. Summit No. 28291, 2017-Ohio-4167, ¶ 5. Thus, "[t]his Court reviews a trial court's decision to limit the scope of cross-examination for an abuse of discretion." *Id*. A trial court abuses its discretion when it acts in a manner that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} "[O]rdinarily the credibility of a witness may be attacked by proof of conviction of [a] crime, but not by proof of indictment." *State v. Hector*, 19 Ohio St.2d 167, 178 (1969). There is an exception, however, if the fact of the indictment "would reasonably tend to show that [the witness's] testimony might be influenced by interest, bias, or a motive to testify falsely." *Id*. The exception applies when "criminal charges are then pending in *the same court* against [the] witness" because the witness "may be influenced by the expectation or hope that, by aiding in the conviction of the defendant, he might be granted immunity or rewarded by leniency in the disposition of his own case." (Emphasis added.) *Id*. at 178-179.

{¶10} In the present case, Mr. Kouns was initially charged with the same five counts as Mr. Lawless. Mr. Kouns pleaded guilty to felonious assault and the four other charges were dismissed. He received a two-year sentence, which he was serving at the time of the trial. On cross-examination, he admitted that he thought he might get a thirty-year sentence if he was convicted of all five charges.

{¶11} Mr. Kouns was also indicted and pleaded guilty in an Ashland County case, but he had not been sentenced in that case at the time of the trial in the present case. During his direct-examination, the prosecutor showed Mr. Kouns an exhibit which he identified as his indictment in Ashland County. The prosecutor then inquired, "so, you've been indicted out of

Ashland County for a case involving activity in which you participated in with Richard Lawless?" Mr. Kouns responded, "I'd rather not say, because of the pending case." Later, the prosecutor inquired if Mr. Kouns had been offered a plea deal or any assistance in his Ashland County case in consideration of his testimony in the Wayne County case. Mr. Kouns answered that he had not.

{¶12} On cross-examination, defense counsel asked Mr. Kouns if he had pleaded guilty in Ashland County. Mr. Kouns responded, "[a]t this point in time, yes." Defense counsel attempted to inquire further into the details of the Ashland County case. The trial court disallowed it noting, "he hasn't been convicted yet [and] he could withdraw his plea." Defense counsel proffered, "the purpose of these questions is to produce testimony from this witness that he was indicted on twenty[-]one counts of various drug offenses in Ashland County and he has plead[ed] guilty to five of those counts and no matter which way you slice it, that's some kind of a deal, he got five from twenty[-]one." The prosecutor did not object to having the exhibit, which had a copy of Mr. Kouns's plea attached, submitted to the jury.

{¶13} In his brief on appeal, Mr. Lawless speculates that the fact that Mr. Kouns had not yet been sentenced in Ashland County was "not a mere coincidence." He continues, "[t]he sentence was 'incentive' for [Mr.] Kouns to testify for the [S]tate." It is possible that Mr. Kouns agreed to testify for the State against Mr. Lawless in an Ashland County case. In the present case, however, he testified on direct that he had not been offered a plea deal or assistance with his Ashland County case in consideration of his testimony in Wayne County. This Court cannot say that the trial court abused its discretion in disallowing any further questioning about the Ashland County case.

{¶14} Mr. Lawless's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE FAILURE OF DEFENSE COUNSEL TO OBJECT TO FAIRLY PREJUDICIAL EVIDENCE AND REQUEST APPROPRIATE JURY INSTRUCTIONS DENIED THE APPELLANT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶15} In his second assignment of error, Mr. Lawless contends that his trial counsel was ineffective because he failed to object to several items and failed to request a limiting instruction concerning certain testimony. This Court disagrees.

{¶16} To succeed on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficiency exists only if counsel's performance fell below an objective standard of reasonable representation. *See State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of syllabus. An appellate court need not analyze both prongs of the *Strickland* test if it finds that the defendant failed to prove either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶17} Concerning the deficiency prong, the defendant bears the burden to overcome the strong presumption that counsel's performance was adequate or that counsel's actions were sound trial strategy. *State v. Edwards*, 9th Dist. Summit No. 24546, 2009-Ohio-3558, ¶ 6. "[A]s a matter of law, the failure to object to an error at trial may be justified as a trial tactic and thus does not sustain a claim of ineffective assistance of counsel." *State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 10. Counsel might make this tactical decision, for instance, if "objecting would only serve to highlight negative testimony or run counter to defense counsel's theory of the case." *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27.

{¶18}  On appeal, Mr. Lawless contends that his trial counsel should have objected to the prosecutor's reference in her opening statement to an "ongoing epidemic in our community" involving heroin.  "During opening statement, counsel is accorded latitude and allowed fair comment on the facts to be presented at trial."  *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 157.  Reviewing the State's entire opening statement, the comment appears to have been directed at explaining the context and the players in the case.  For instance, the prosecutor explained how S.D., R.K., and Mr. Kouns each became addicted to heroin.

{¶19}  Defense counsel similarly portrayed these witnesses as heroin addicts in his opening statement.  After noting that they were addicts, defense counsel went so far as to refer to them as "junkies."  Objecting to the prosecutor's remark, therefore, would have "run counter to defense counsel's theory of the case."  *See Bradford* at ¶ 27.  In addition, both at the beginning and at the conclusion of the trial, the court instructed the jury that counsel's statements were not evidence.  This Court "presume[s] that the jury followed the court's instructions."  *See Leonard* at ¶ 157.

{¶20}  Mr. Lawless next contends that his trial counsel should have objected to two comments made by S.D. during her testimony.  After S.D. testified that she was afraid that Mr. Lawless was going to shoot her, she was asked whether she believed that he was capable of doing so.  She responded that she believed he was "[b]ecause that's the type of person he is."  At another point, S.D. stated that Mr. Lawless asked her what they should do with his girlfriend, who she characterized as "another victim like I was."  On appeal, Mr. Lawless argues that these statements were "prejudicially irrelevant" under Evid.R. 403.  Each of these comments was isolated, and S.D. was not asked to expound on either of them.  Therefore, trial counsel may have

made the strategic decision not to object because doing so would "only serve to highlight negative testimony." *See Bradford* at ¶ 27.

**{¶21}** Mr. Lawless further contends that his trial counsel should have objected when Mr. Kouns was asked whether he had been indicted in Ashland County "for a case involving activity in which [he] participated with Richard Lawless[.]" Here again, trial counsel may have made the strategic decision not to object because objecting would draw attention to the fact that Mr. Lawless was alleged to be involved in criminal activity in Ashland County. In addition, Mr. Lawless acknowledges that trial counsel's strategy may have been to discredit Mr. Kouns by bringing out a possible incentive for Mr. Kouns to testify favorably for the State. But, he argues, if this was so, trial counsel should have requested a limiting instruction. As with the decision not to object, the decision not to request a limiting instruction is a matter of trial strategy. *Bradford* at ¶ 28 (decision not to request limiting instruction does not amount to ineffective assistance of counsel).

**{¶22}** Finally, Mr. Lawless contends that his trial counsel should have objected to testimony from Medina County Drug Task Force Agent J. Tadd Davis. Agent Davis testified, "[b]ased on [his] experience with dealing with victims, it is not unusual for victims to delay reporting" a crime. According to Mr. Lawless, Agent Davis "in effect, provided expert testimony." Earlier, Agent Davis had testified that he had over twenty-six years of experience as a law enforcement officer, and defense counsel stipulated to his qualifications. Trial counsel may have strategically agreed to the stipulation in order not to have Agent Davis expound upon his qualifications.

{¶23} This Court will not second-guess counsel's strategic trial decisions merely because that strategy ultimately was unsuccessful. *See, e.g., Miller*, 2007-Ohio-370, at ¶ 10; *Edwards*, 2009-Ohio-3558, at ¶ 9. Mr. Lawless's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE VERDICTS ARE AGAINST THE WEIGHT OF THE EVIDENCE.

{¶24} In his third assignment of error, Mr. Lawless argues that his convictions were against the manifest weight of the evidence because the State's primary witnesses were "not sufficiently credible," their testimony was inconsistent, and there was a lack of physical evidence. This Court disagrees.

{¶25} A manifest weight challenge addresses whether the greater amount of credible evidence supports one side over the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). When reviewing a manifest weight challenge,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶26} An appellate court "must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21. The weight of the evidence and the credibility of the witnesses remain primarily issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The trier of fact

observed the witnesses' demeanor, gestures, and voice inflections and was able to use those observations in weighing the credibility of their testimony. *Truax v. Regal*, 9th Dist. Summit No. 20902, 2002-Ohio-4867, ¶ 26. "The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." *Otten* at 340.

{¶27} Mr. Lawless argues that S.D., R.K., and Mr. Kouns were not credible because they were "admittedly addicted to heroin," R.K. and Mr. Kouns were alleged to have been dealing heroin, and "[a]ll three were facing charges."

{¶28} Initially, this Court notes that there is no evidence in the record that S.D. was "facing charges." She was asked if she had been indicted for any case in Wayne, Ashland, or Medina County. She responded, "No." She was, however, unsure if she had received a deal for her cooperation. Director Hubbard testified that a plea deal was not made with S.D. S.D. testified that she had been addicted to heroin previously, but that she had not used any in the past nine months.

{¶29} R.K. testified that he had been addicted to heroin, but had not used any for about seven months. R.K. testified that he also sold heroin. R.K. further testified that he had been indicted for drug offenses in Ashland County. On cross-examination, he admitted that he received a plea deal in Ashland County, but stated that one case had "no bearing" on the other. Director Hubbard indicated that while R.K. may have received a deal, he was not involved with it.

{¶30} Mr. Kouns testified that he was a heroin addict at the time of the incident. When he was asked if he was also selling drugs, he stated that he was not going to answer because he had been indicted in Ashland County. Although Mr. Lawless argues that Mr. Kouns's "degree of

freedom" could have been "greatly altered if he testified unfavorably for the [S]tate," the record reflects that Mr. Kouns had already been sentenced for his involvement in this case prior to Mr. Lawless's trial. In addition, he testified that he had not been offered a plea deal in his Ashland County case in consideration of his testimony in this Wayne County case.

{¶31} Mr. Lawless further questions the interactions and relationships of the witnesses. For instance, S.D. wrote letters to Mr. Kouns while he was in jail. R.K. indicated that, prior to this incident, he did not have much of a "beef" with Mr. Kouns, but he admitted that there was some animosity between him and Mr. Lawless.

{¶32} Mr. Lawless also points out some inconsistencies in the witnesses' testimony. While S.D., R.K., and Mr. Kouns each indicated that Mr. Lawless had hit R.K. multiple times with a bat, there were discrepancies as to whether he "swung" or "jabbed" the bat. S.D. initially reported that the incident happened on June 1, 2015, but later stated that it occurred on May 29, 2015. She explained, "I may have not exactly known the date when the incident happened because of my emotions and being upset." She testified, however, that she was able to determine the date by looking at some pictures on her phone of Mr. Lawless with his dog. The display on the phone indicated that the pictures were "[c]reated [on] May 29, 2015" and "[m]odified [on] Jun[e] 5, 2015." According to S.D., she took the pictures on the day of the incident at the building where it occurred, but they may have been modified by a Google app.

{¶33} Mr. Lawless notes that R.K. testified that there were no pictures taken when he was at the building. In addition, R.K. testified on direct that Mr. Lawless instructed him to take his dog to a friend's house and he drove straight there. On cross-examination, he conceded that he previously told law enforcement that he got the dog from a farm and then took it to the friend's house.

{¶34} Mr. Lawless further contends that "corroborating physical evidence was not obtained" to substantiate the witnesses' testimony. Lack of corroborating evidence, by itself, does not undermine a witness's credibility. *State v. Schell*, 9th Dist. Summit No. 28255, 2017-Ohio-2641, ¶ 32. Moreover, while some physical evidence was not recovered, other physical evidence was found. For instance, the weapons were not found, but ammunition for the caliber of the gun that the State's witnesses alleged Mr. Lawless had at the time of the incident was found in a search of the building.

{¶35} Similarly, with respect to the duct tape, while no residue was found on R.K.'s jeans, a roll of duct tape was found in the search of the building. Agent Davis explained that R.K. had washed his jeans, therefore, they were not submitted for further testing. Director Hubbard testified that a roll of duct tape was found on top of a refrigerator during a search of the building.

{¶36} The defense offered an alternative explanation for the presence of the duct tape in the building. A former girlfriend of Mr. Lawless testified that she was in the process of moving into an apartment at the property when the search occurred. She further testified that the duct tape that was found in the search was hers. However, when she was shown a picture of the kitchen where the duct tape was found, she stated, "that's not the side I was moving into." Later, when shown a picture of the same kitchen from an angle including the refrigerator with the roll of duct tape on top, she stated that it was "[t]he same side [she] was moving into."

{¶37} Mr. Lawless asserts that, despite the testimony that Mr. Kouns offered to set off fireworks to muffle any gunshots, "no fireworks were found." This assertion is belied by the record. Director Hubbard testified that they found a plastic tote containing fireworks during the

search of the building. He further testified that mail or pay stubs belonging to Mr. Kouns was located in the container with the fireworks.

{¶38} Finally, Mr. Lawless challenges whether R.K. was injured. R.K. testified that he was bruised on his sternum and back and his cheek was swollen. Similarly, S.D. testified that R.K. had a "huge welt" on his face. Pictures of R.K.'s faded injuries were also shown to the jury. By contrast, Mr. Lawless's ex-wife testified that she saw R.K. and S.D. on May 31, 2015, and had a conversation with them. She did not observe any bruises, red marks, or swelling on R.K.'s face and he did not appear to be in any discomfort.

{¶39} "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. This Court cannot say that this is the exceptional case where the jury clearly lost its way in convicting Mr. Lawless. *See Otten*, 33 Ohio App.3d at 340.

{¶40} Mr. Lawless's third assignment of error is overruled.

### III.

{¶41} Mr. Lawless's assignments of error are overruled. The judgment of the Wayne County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

DAVID R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.