[Cite as *State v. Lawless*, 2018-Ohio-2995.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 17AP0043 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD LAWLESS | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2015 CRC-I 000206 |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

HENSAL, Judge.

{¶1} Richard Lawless appeals from the judgment of the Wayne County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I.

{¶2} This Court previously set forth the factual background of this case in Mr. Lawless's direct appeal as follows:

The two victims in this case, S.D. and R.K., are recovering heroin addicts. At the time of the events giving rise to Mr. Lawless's convictions, S.D. and R.K. were both active users of heroin and Mr. Lawless was their supplier. Around that same time, Gary Hubbard, Jr., Director of the Medina County Drug Task Force, was the head of an organized crime investigation that was investigating Mr. Lawless's drug dealing activities in Ashland, Medina, and Wayne Counties. Pursuant to that investigation, search warrants were executed at multiple properties. Mr. Lawless suspected that S.D. and R.K. had "snitched" on him.

Mr. Lawless's co-defendant, Michael Kouns, and S.D. lived at one of the properties that was searched. A couple of days after the searches, Mr. Kouns asked S.D. to go with him to a vacant unit in the building to talk "about everything that was going on." Mr. Lawless was waiting in that unit and threatened S.D with a gun. Mr. Kouns then used S.D.'s phone to text R.K.,

asking him to come over. When R.K. arrived, Mr. Lawless punched him and had Mr. Kouns bind him with duct tape. Mr. Lawless threatened R.K. with the gun and struck him multiple times with a bat.

After Mr. Lawless ended his interrogation of S.D. and R.K., he threatened that he would kill them if they reported the incident to police. Initially, neither S.D. nor R.K. went to the police. But, about ten days after the incident, they did report it to law enforcement.

Mr. Lawless was indicted for two counts of kidnapping, one count of felonious assault, and two counts of abduction. Mr. Lawless pleaded not guilty and the matter proceeded to a jury trial. The jury found him guilty on all counts. The trial court merged the abduction counts into the kidnapping counts and sentenced Mr. Lawless to total of seventeen years in prison.

*State v. Lawless*, 9th Dist. Wayne No. 16AP0025, 2018-Ohio-444, ¶ 2-5. This Court affirmed Mr. Lawless's convictions on direct appeal. *Id.* at ¶ 41.

{¶3} While his direct appeal remained pending, Mr. Lawless filed a petition for post-conviction relief with the trial court, raising numerous issues. The trial court denied Mr. Lawless's petition without holding an evidentiary hearing, and this appeal followed. Mr. Lawless now raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE STATE'S FAILURE TO PROVIDE DETAILS OF WITNESS' [SIC] INCENTIVE TO TESTIFY VIOLATED BRADY V. MARYLAND, 373 U.S. 83 (1963).

{¶4} In his first assignment of error, Mr. Lawless argues that the trial court erred by denying his petition for post-conviction relief because the State failed to provide details regarding deals offered to witnesses in return for their testimony, which violated *Brady v. Maryland*, 373 U.S. 83 (1963). For the reasons discussed below, we decline to address the merits of Mr. Lawless's first assignment of error.

{¶5} Revised Code Section 2953.21(A)(2) provides that, "[e]xcept as otherwise provided in [S]ection 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." Regarding untimely petitions, Section 2953.23(A) provides that "a court may not entertain a petition filed after the expiration of the period prescribed in [Section 2953.21(A)]" unless an exception under Section 2953.23(A)(1) or 2953.23(A)(2) applies.

{¶6} Here, the record reflects that the trial transcripts were filed with this Court in Mr. Lawless's direct appeal on June 30, 2016. Mr. Lawless did not file his petition for post-conviction relief until more than 365 days later on July 13, 2017. In his petition, Mr. Lawless did not argue that an exception under Section 2953.23 applied. The trial court, therefore, did not have jurisdiction to consider Mr. Lawless's untimely petition. *State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572, ¶ 16. Accordingly, the trial court did not err by denying Mr. Lawless's untimely petition. *State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 9. Mr. Lawless's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IF THE AFFIDAVITS PROVIDED IN A PETITIONER'S MOTION TO VACATE FILED PURSUANT TO R.C. []2953.21 ESTABLISH A MERITORIOUS ISSUE, THE TRIAL COURT MAY NOT DISMISS THE PETITION WITHOUT AN EVIDENTIARY HEARING.

{¶7} In his second assignment of error, Mr. Lawless argues that the trial court erred by denying his petition for post-conviction relief without first holding an evidentiary hearing. In light of this Court's disposition of Mr. Lawless's first assignment of error, we decline to address his second assignment of error on the basis that it is now moot. App.R. 12(A)(1)(c).

III.

**{¶8}** Richard Lawless's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.