[Cite as *State v. Lawless*, 2020-Ohio-3530.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                      )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

STATE OF OHIO                 C.A. No.     19AP0062

     Appellee

     v.                         APPEAL FROM JUDGMENT
                              ENTERED IN THE
RICHARD LAWLESS         COURT OF COMMON PLEAS
                              COUNTY OF WAYNE, OHIO
     Appellant             CASE No.    2015 CRC-I 000206

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

HENSAL, Judge.

{¶1} Richard Lawless appeals the denial of his petition for post-conviction relief in the Wayne County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Lawless kidnapped two of the people he supplied drugs to and beat one of them because he believed the individual told law enforcement about his illicit activities. At trial, the two victims and Mr. Lawless's co-defendant each testified about what occurred during the kidnapping. The jury found Mr. Lawless guilty of two counts of kidnapping, one count of felonious assault, and two counts of abduction. The trial court subsequently sentenced him to a total of 17 years imprisonment.

{¶3} Mr. Lawless appealed his convictions, but this Court upheld them. *State v. Lawless*, 9th Dist. Wayne No. 16AP0025, 2018-Ohio-444, ¶ 41. While his appeal was pending, Mr. Lawless petitioned for post-conviction relief, raising several issues. The trial court denied the petition and

this Court upheld its decision. *State v. Lawless*, 9th Dist. Wayne No. 17AP0043, 2018-Ohio-2995, ¶ 3, 8. Approximately two years later, Mr. Lawless filed a successive petition for post-conviction relief, arguing that he had new evidence that his co-defendant had been coerced into testifying against him. He argued that the State's failure to provide evidence of the incentives provided to his co-defendant violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). He also argued that the State violated his right to confrontation, failed to correct perjured testimony, and intimidated witnesses. The trial court, however, denied his motion. Mr. Lawless has appealed, assigning six errors.

## II.

## ASSIGNMENT OF ERROR I

THE STATE'S FAILURE TO PROVIDE DETAILS OF WITNESS* INCENTIVE
TO TESTIFY VIOLATED <u>BRADY V. MARYLAND</u>, / 373 U.S. 83 (1963).

**{¶4}** Mr. Lawless argues that the trial court should have granted his petition because the State failed to disclose that it offered to help his co-defendant receive a lower sentence in a case that he had pleaded guilty to in a different county in exchange for his testimony. Before reaching that issue, however, this Court must address whether the trial court had authority to consider Mr. Lawless's petition for post-conviction relief. Revised Code Section 2953.23(A) "bars relief on an untimely or successive petition for postconviction relief except in the narrow circumstances expressed in the statute." *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, ¶ 37. Under that section, a trial court has no statutory authority to consider an untimely or successive petition for post-conviction relief, unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme

Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1). "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Consequently, a de novo standard of review applies." *Id*.

{¶5} Regarding Section 2953.23(A)(1)(a), Mr. Lawless does not allege that the United States Supreme Court has recognized a new right that applies retroactively to persons in his situation. Thus, he had to establish that he was unavoidably prevented from discovering the facts upon which he relied to support his claims. "[T]he phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Burton*, 9th Dist. Summit No. 28359, 2017-Ohio-7588, ¶ 9, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19.

{¶6} Mr. Lawless attached four affidavits in support of his successive petition for post-conviction relief. One of the affidavits was from the mother of his co-defendant and was dated January 3, 2017. Another was from the sister of one of the victims and was dated December 18, 2016. The third was from his co-defendant and was dated October 28, 2019. The last was from the prosecutor who was assigned to Mr. Lawless's case and was dated September 5, 2017. Mr. Lawless argued in his petition that the affidavits demonstrated why it should be considered timely under Section 2953.23(A)(1)(a).

**{¶7}** Mr. Lawless filed his first petition for post-conviction relief in July 2017. He submitted both the affidavit of his co-defendant's mother and the affidavit of the sister of one of the victims in support of that petition. Consequently, those affidavits do not demonstrate any newly discovery evidence because they were available to Mr. Lawless at the time of his first petition for post-conviction relief. Although the prosecutor's affidavit is from two months after July 2017, Mr. Lawless has not offered any explanation for why it took him until November 2019 to file a petition for post-conviction relief based on the affidavit. *See State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 13 (concluding that trial court correctly denied petition filed seven months after defendant alleged he discovered new evidence); *State v. Morris*, 2d Dist. Montgomery No. 27975, 2018-Ohio-4527, ¶ 24 (concluding defendant failed to establish unavoidable delay when he waited more than two years to file new affidavit with court).

**{¶8}** The affidavit of Mr. Lawless's co-defendant is from only one month before Mr. Lawless filed his successive petition. Mr. Lawless, however, did not offer any explanation of why he could not obtain an affidavit from his co-defendant earlier. The affidavit of the co-defendant's mother, from January 2017, contains extensive allegations about how the State allegedly pressured her to convince her son to testify against Mr. Lawless. It also contains her recollection of conversations that she had with her son in which he told her about the pressure, threats, and promises he had received from the State to convince him to testify. Mr. Lawless, therefore, would have been aware of possible coercion of his co-defendant by January 2017 at the latest. Mr. Lawless did not offer any explanation in his successive petition for why it took him more than two and a half years to obtain an affidavit from his co-defendant despite making reasonably diligent efforts to obtain such information. "[A] 'mere blanket assertion (that discovery was prevented), without more, [is] insufficient' to demonstrate that one was unavoidably prevented from discovery

of the facts" upon which he relies to present his claim for relief. *State v. Jalowiec*, 9th Dist. Lorain No. 02CA008130, 2003-Ohio-3152, ¶ 8, quoting *State v. Logan*, 9th Dist. Summit No. 21070, 2002-Ohio-6290, ¶ 15; *State v. Elkins*, 9th Dist. Summit No. 21380, 2003-Ohio-4522, ¶ 10.

{¶9}    Upon review of the record, we conclude that Mr. Lawless did not establish that he was "unavoidably prevented from discovery of the facts upon which" he relied in his successive petition for post-conviction relief. R.C. 2953.23(A)(1)(a). The trial court, therefore, did not have authority to consider the petition. We need not consider whether Mr. Lawless established "by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty[.]" R.C. 2953.23(A)(1)(b); *Morris*, 2018-Ohio-4527, at ¶ 25.

{¶10}   We conclude that the trial court correctly denied Mr. Lawless's petition for post-conviction relief. Mr. Lawless's first assignment of error is overruled. His remaining assignments of error, which also concern the merits of his petition and rely upon the affidavits submitted with his petition for support, are also overruled. We note that, if a trial court does not have authority to consider a petition for post-conviction relief, it is not required to hold an evidentiary hearing before dismissing the petition. *State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 23, citing *State v. Price*, 9th Dist. Wayne No. 03CA0046, 2004-Ohio-961, ¶ 10.

III.

{¶11}   Mr. Lawless's assignments of error are overruled because the trial court did not have authority to consider his successive petition for post-conviction relief. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

<div style="margin-left:50%">

_____
JENNIFER HENSAL
FOR THE COURT

</div>

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

RICHARD J. LAWLESS, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.